HOU XIN LI, Petitioner,

v.

UNITED STATES DEPARTMENT
OF JUSTICE, Respondent.

No. 05–3175.

United States Court of Appeals,
Second Circuit.

Sept. 18, 2006.

Yee Ling Poon (Robert Duk–Hwan Kim, on the brief), New York, NY, for Petitioner.

Michael C. James, Assistant United States Attorney, for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Respondent.

**72**

Present ROGER J. MINER, JOSEPH M. McLAUGHLIN, ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Upon due consideration of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition be and hereby is **GRANTED** in part and **DENIED** in part and this matter remanded to the BIA for further proceedings.

Hou Xin Li, through counsel, petitions for review of a May 27, 2005 BIA order affirming, without opinion, an October 17, 2003 decision of Immigration Judge ("IJ") Adam Opaciuch denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re: Li, Houxin,* No. A 73 767 265(BIA), *aff'g* No. A 73 767 265 (Immig.Ct.N.Y.City). We assume familiarity with the facts and procedural history of this case.

Where, as here, the BIA summarily affirms the IJ's decision, this Court reviews the decision of the IJ directly. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the IJ's factual findings under the substantial evidence standard. *Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

■ The IJ dismissed petitioner's asylum application after determining that it was not filed within a year of his entry to the country. *See* 8 U.S.C. § 1158(a)(2)(B). Petitioner does not challenge that determination, but he argues that the IJ should have exercised his authority to accept a late-filed application where a petitioner demonstrates "extraordinary circumstances relating to the delay in filing an application within the period specified." *See* 8 U.S.C. § 1158(a)(2)(D). Specifically, petitioner asserts that the ineffectiveness of his first counsel constitutes such an extraordinary circumstance.

Our jurisdiction to review the IJ's finding that extraordinary circumstances were not demonstrated is limited to ensuring that the IJ correctly understood the statutory and constitutional framework governing his decision. *See* 8 U.S.C. § 1252(a)(2)(D) (permitting "review of constitutional claims or questions of law"); *Xiao Ji Chen v. United States Dep't of Justice,* 434 F.3d 144, 154 (2d Cir.2006) ("questions of law" refers to "a narrow category of issues regarding statutory construction") (internal quotation marks and citation omitted). Here, the IJ correctly referred to the requirement that the alien demonstrate that he "filed the application within a reasonable period given these circumstances," 8 C.F.R. § 208.4(a)(5), and then found that petitioner had not met his burden of showing that his application, which was filed two years after he was put on notice that his original counsel was having problems, was filed within a reasonable period.[1] The regulation at issue contemplates only "rare cases in which a delay of one year or more may be justified," *see* Final Rule: Asylum Procedures, 65 Fed. Reg. 76,121, 76,124 (Dec. 6, 2000). Given our limited jurisdiction, as well as petitioner's failure to offer any testimony or other evidence as to why it took him so long to file his application after he knew or should have known that his first counsel had not

1. Specifically, the IJ stated: "I do not believe that the respondent exercised due diligence in pursuing his claim in the United States." Based on this, petitioner argues that the IJ did not apply the "reasonable period" standard. However, just two sentences before, the IJ had correctly stated that the delay must have been "reasonable under the circumstances," indicating that he was well aware of the standard. Moreover, we fail to see any appreciable difference between the two formulations.

done so, we cannot upset the IJ's determination that petitioner's was not such a "rare case."[2] To the extent that the petition challenges the BIA's dismissal of petitioner's asylum claim as time-barred, it is denied.

 However, we must remand for further proceedings petitioner's remaining claims, for withholding of removal and CAT relief. While the IJ expressed "concerns" about some aspects of petitioner's testimony, he did not explicitly make an adverse credibility finding.[3] *See Diallo v. INS*, 232 F.3d 279, 290 (2d Cir.2000). Instead, he found only that petitioner failed to meet his burden of proof because of the absence of evidence that any administrative fine had been imposed on petitioner; such a fine, the IJ found, would necessarily have been imposed had petitioner and his wife been found to have violated the family planning policy. The IJ rejected petitioner's explanation that individual cadres have discretion as to whether to impose such fines depending on their mood, because he determined that the cadres would necessarily have been in a bad mood following a prolonged search for petitioner's wife. The country materials in the record do not support the claim that every violation of the family planning policy results in an administrative fine. Under these circumstances, in the absence of a finding

that petitioner did not provide credible testimony, it was improper to conclude that he did not meet his burden of proof. Thus, the petition is granted to the extent that it challenges the denial of Li's withholding of removal and CAT claims.[4]

Accordingly, we **GRANT** this petition in part and **DENY** it in part, and we remand this case to the BIA for further proceedings consistent with this order. Petitioner's motion for leave to file a supplemental brief on the issue of waiver is **DENIED**. Respondent's motion to vacate and remand is **DENIED** as moot.

**QI-LU CHEN,[1] Petitioner,**

**v.**

2. The IJ also rejected petitioner's "extraordinary circumstances" claim because of petitioner's failure to comply with the requirements of 8 C.F.R. § 208.4(a)(5)(iii), which include submitting an affidavit detailing the alien's agreement with former counsel, giving that counsel an opportunity to respond, and filing a complaint with the appropriate disciplinary committee or explaining why such a complaint has not been filed. In light of our affirmance of the IJ's conclusion that petitioner did not file his application within a reasonable period of time, we need not reach petitioner's argument that compliance with these requirements would have

been futile under the circumstances and therefore should have been excused.

3. Both parties invite us to comment upon the propriety of the IJ's expressing these concerns. However, doing so would be inappropriate until such concerns actually form the basis of an adverse credibility finding.

4. We express no opinion as to whether the IJ could properly find petitioner not credible based on one or more of the concerns he identified in his opinion.

1. The caption is hereby amended to reflect the proper spelling of the Petitioner's name.